UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x  **NOT FOR PUBLICATION**

RYAN JASON KNIGHTS,

              Plaintiff,              **MEMORANDUM AND ORDER**
                                                    16-CV-6965 (LDH) (RER)

         -against-

JOHN J. LEGERE D/B/A T-MOBILE USA,
INC., President and Chief Executive Officer;
T-MOBILE USA, INC., Washington Incorporated,

              Defendants.
------------------------------------------------------------x

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Ryan Jason Knights filed this *pro se* complaint seeking to foreclose upon liens he allegedly perfected on Defendants' property. For the reasons discussed below, Plaintiff's complaint is dismissed as frivolous.

## BACKGROUND

Plaintiff filed his Verified Complaint (the "Complaint") on December 18, 2016. (Compl., ECF Doc. No. 1.) In the Complaint, Plaintiff purports to seek foreclosure upon liens he allegedly perfected on "[a]ll" of Defendants' property. (*Id.* ¶ 11). Plaintiff bases his alleged right to foreclose on an agreement he purports to have formed with Defendants on or about March 30, 2016. (*See id.* ¶¶ 13-16.) As alleged in the Complaint, the purported agreement (*see* Compl. Ex. B) is comprised of several unsolicited, unilateral communications from Plaintiff to Defendants asserting that Defendants owe him $285,550,000 and "agree[d] to the liquidation of private assets to satisfy the debt." Plaintiff does not allege that Defendants ever gave their affirmative assent to any such "agreement." Rather, in alleging that he and Defendants formed a binding contract, Knights relies entirely on a recital in the so-called agreement stating that

1

Defendants' "failure to sufficiently respond" to his demands "constitutes . . . acceptance and/or approval of all the facts/claims made therein" (as well as on other, nearly identical formulations of this recital). (*Id.* at 34; *see also* Compl. ¶¶ 13-16.) In other words, Knights alleges that Defendants agreed to pay him $285,550,000 by failing to respond to his demands, that Defendants' silence should be deemed consent, and that they have defaulted on their debt. (*See* Compl. ¶¶ 16-17.)

## STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To withstand scrutiny, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint.

*See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, a district court nevertheless has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

As a preliminary matter, Plaintiff's complaint—even under the very liberal reading we accord *pro se* pleadings (and even if Plaintiff believes them to be true)—fails to conform with the dictates of Rule 8. That is, it neither establishes a basis for the Court's jurisdiction nor presents a cognizable demand for relief. Instead, the voluminous pleading is rambling and largely nonsensical, making inexplicable references to, *inter alia*, a purported real estate foreclosure judgment, a mortgage lien, a "Notice of International Commercial Claim in Admiralty Administrative Remedy," and default of an "Agreement."

For example, Plaintiff states:

> On or about March 30, 2016, Defendant(s) entered into an [sic] contractual/consensual agreement with Plaintiff pursuant to Certificate of Default in Dishonor (Consent to Judgment), with Apostille No. NYC-560636 ("COD") dated March 30, 2016; Notice of International Commercial Claim within the Admiralty ab initio Administrative Remedy, with Apostille No. NYC-56065("ICC") dated March 30, 2016; Notice of Final Determination and Judgment in nihil dicit("NFD") dated March 30, 2016; Affidavit of Obligation/Commercial Lien, with Apostille No. NYC-560634("AOO") dated March 30, 2016; and Certificate of Non-Response, with Apostille No. NYC-560633("CNR") dated March 30, 2016, (collectively, the 'Agreement') . . ..

(Compl. ¶ 13.) Plaintiff further states:

> In Addition, Defendant(s) agreed to pledge as surety for the outstanding overdue principal amount of $285,550,000.00, all of Defendant(s) personal and real property rights and/or interest in into subject property, along with certain other collateral thereto (collectively, the "Collateral") upon default in making a sufficient response and/or by not satisfying fees and/or violations of Plaintiff claim(s) . . . .

3

(*Id.* at ¶ 18.)

Moving to the substance of Plaintiff's claim, it is a fundamental tenet of contract law that "where the recipient of an offer is under no duty to speak, silence, when not misleading, may not be translated into acceptance merely because the offer purports to attach that effect to it." *Albrecht Chem. Co. v. Anderson Trading Corp.*, 298 N.Y. 437, 440 (1949). In addition, to plead a foreclosure claim under New York law, the Complaint must allege "the existence of an obligation secured by a mortgage, and a default on that obligation." *Gustavia Home, LLC v. Rice*, No. 16-CV-2353, 2016 WL 6683473, at *2 (E.D.N.Y. Nov. 14, 2016). The Complaint manifestly fails to plead these elements and the attached documents fail to offer any support.

Plaintiff's allegations can only be described as "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Because Plaintiff's complaint is devoid of any basis in law or fact—defects which cannot be cured by amendment—this action is dismissed. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

Based on the foregoing, this action is dismissed, with prejudice, as frivolous. *Fitzgerald*, 221 F.3d at 362. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
      February 1, 2017                           SO ORDERED:

                                                             /s/LDH
                                              LaSHANN DeARCY HALL
                                              United States District Judge